UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23933-CIV-KING

MICHAEL JAMES ATTEA,

      Plaintiff,

v.

UNIVERSITY OF MIAMI (MILLER
SCHOOL OF MEDICINE), A CAREER
COUNSELING CENTER, INC., d/b/a/
PHYSICIAN'S DEVELOPMENT PROGRAM,
LAWRENCE HARMON, PHD., &
ASSOCIATES, P.A., LAWRENCE HARMON,
ROBERT HERNANDEZ, M.D., MARK
O'CONNELL, M.D., GONZALO QUESADA,
M.D., P.A., GONZALO QUESADA,
and ANA CAMPO, M.D.,

      Defendants.
_____/

## ORDER DENYING MOTION TO REMAND TO STATE COURT

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand to State Court (DE #24), filed November 29, 2012. The Court is briefed on the matter.[1] For the reasons discussed below, Plaintiff's Motion is denied.

Plaintiff originally filed this case in the 11th Judicial Circuit Court for Miami-Dade County, alleging violations of federal and state law.[2] Plaintiff served most

---

[1] Defendants filed a Response (DE #31) on December 12, 2012. Plaintiff's Reply (DE #37) was filed December 24.

[2] Plaintiff's five-count Complaint (DE #1-1) alleges: violation s of the Americans with Disabilities Act of 1990 (Count I) and the Rehabilitation Act of 1974 (Count II); breach of fiduciary duties (Count III); breach of contract against Defendant UM (Count IV); and breach of contract against Defendants

1

Defendants on October 4, 2012; Defendant Mark O'Connell was served on October 8, 2012, and the two Quesada Defendants were not served until November 5, 2012. Defendants filed Notice of Removal (DE #1) on October 30, 2012, asserting federal question jurisdiction under 28 U.S.C. § 1331. The Notice of Removal alleged that all Defendants consented to removal. However, Defendant A Career Counseling Center and the Harmon Defendants did not sign the Notice of Removal nor did they file their own notice of removal; the Quesada Defendants were not consulted by the other Defendants and did not join the filing.[3] On November 9, 2012, Defendant A Career Counseling Center and the Harmon Defendants filed Notice of Consent to Removal (DE #8) and Notices of Joinder (DE #9; DE #10); the Quesada Defendants filed Notice of Consent to Removal (DE #25) and Notice of Joinder (DE #26) on December 4, 2012. Plaintiff now seeks remand alleging that Defendants' removal was untimely because it was not filed within thirty days of the first Defendant being served on October 4, 2012.

The federal removal statute is to be strictly interpreted. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S. Ct. 868 (1941); *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001). Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant receiving a copy of pleadings that are removable. "The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective." *Bailey v. Janssen Pharmaceutica, Inc.*,

---

Physician's Development Program, Lawrence Harmon, and Gonzalo Quesada (Count V). Plaintiff's Complaint lists both Count IV and Count V separately as "Count IV."

[3] Defendants' Response to the instant Motion states: "In the Notice of Removal, the University Defendants mistakenly stated that the Quesada Defendants consented to removal. At the time of the Notice, counsel for the University Defendants believed that all remaining defendants were represented by counsel for the Harmon Defendants." (DE #31, p. 3, n. 1).

2

536 F.3d 1202, 1207 (11th Cir. 2008). To clarify how to calculate the limitations period when multiple defendants are served at different times, Congress enacted the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. Law. No. 112-63, 125 Stat 758. The law amended Section 1446(b) to state: "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). This change in federal law was consistent with the Eleventh Circuit's holding in *Bailey v. Janssen Pharmaceutica, Inc.* that the thirty-day limitations period for removal begins to run upon service of the last-served defendant. 536 F.3d 1202. "Removal by the last-served defendant is proper if all defendants consent to removal, even if the last-served defendant timely removes the case after the expiration of the previously served defendant's thirty-day window to remove." *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 810 (11th Cir. 2012).

In the above-styled action, all Defendants properly served their notice of removal within thirty days of the last-served Defendant receiving the Complaint. The last-served Defendants, Gonzalo Quesada and Gonzalo Quesada, M.D., P.A., were served on November 5, 2012. Accordingly, Defendants had until December 5, 2012 for all Defendants to consent to removal. On that date, when the Quesada Defendants filed their

Notice of Consent to Removal, Defendants were unanimous in removing to this Court.[4] Removal was then effective.

As contrary support for his position, Plaintiff cites to three cases for the proposition that the thirty-day limitations period began to run when the first Defendant was served. *See* (DE #24, p. 2) (citing *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1322 (M.D. Fla. 2003); *Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336 (M.D. Fla. 2003); *Nathe v. Pottenberg*, 931 F. Supp. 822, 825 (M.D. Fla. 1995)). However, these cases are inapplicable as they were decided under the first-served defendant rule. This Court now must apply the last-served defendant rule in accordance with the Eleventh Circuit's 2008 holding in *Bailey* and recently amended federal law.

Accordingly, after careful consideration, it is **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's Motion to Remand to State Court (**DE #24**) be, and is hereby, **DENIED.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 27th day of December, 2012.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

---

[4] Defendants University of Miami, Robert Hernandez, Mark O'Connell, and Ana Campo filed their Notice of Removal October 30, 2012. Defendants A Career Counseling Center, Lawrence Harmon, and Lawrence Harmon, Ph.D. & Associates, P.A., filed their Notice of Consent to Removal on November 9, 2012.

4

Cc:

*Counsel for Plaintiff*

**Marlowe Jay Blake**
Marlowe J. Blake
2255 Glades Rd, Suite 324-A
Boca Raton, FL 33431
305-670-3379
Fax: 670-3380
Email: mjblake@bellsouth.net

*Counsel for Defendants*

**Eric David Isicoff**
Isicoff Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, FL 33131
305-373-3232
Fax: 305-373-3233
Email: Isicoff@irlaw.com

**Teresa Ragatz**
Isicoff Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, FL 33131
305-373-3232
Fax: 373-3233
Email: Ragatz@irlaw.com

**Susan Virginia Warner**
Isicoff Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, FL 33131
305-373-3232
Fax: 305-373-3233
Email: warner@irlaw.com

**John W. Mauro**
Billing Cochran Lyles Mauro & Ramsey, PA

5

SunTrust Center, 6th floor
515 East Las Olas Blvd.
Fort Lauderdale, FL 33301
954-764-7150
Fax: 954-764-7279
Email: jwm@bclmr.com

**Tracy A. Mitchell**
Cole, Scott & Kissane, P.A.
9150 South Dadeland Blvd.
14th Floor
Miami, FL 33157
786-268-6441
Fax: 305-373-2294
Email: tracy.mitchell@csklegal.com