UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-23933-CIV-KING/OTAZO-REYES

MICHAEL ATTEA,

          Plaintiff,

v.

UNIVERSITY OF MIAMI (MILLER
SCHOOL OF MEDICINE), Florida
Non-Profit Corporation, A CAREER
COUNSELING CENTER, INC., a Florida
For Profit Corporation, d/b/a
PHYSICIAN'S DEVELOPMENT
PROGRAM, LAWRENCE HARMON,
PH.D., & ASSOCIATES, P.A.,
LAWRENCE HARMON, ROBERT
HERNANDEZ, M.D., MARK
O"CONNELL, M.D., GONZALO
QUESADA, M.D., P.A., GONZALO
QUESADA, and ANA CAMPO, M.D.,

          Defendants.

_____/

## OMNIBUS REPORT AND RECOMMENDATION
## AND ORDER

THIS CAUSE came before the Court upon the following motions:

> Defendants A Career Counseling Center, Inc., Larry Harmon, Ph.D. &
> Associates, P.A., and Lawrence Harmon (collectively, "Harmon Defendants"),
> and Gonzalo Quesada, M.D., P.A., and Gonzalo Quesada's (collectively,
> "Quesada Defendants") Motion in Limine to Exclude Evidence of Dr. Harmon's
> and Dr. Quesada's Personal Relationship and Sexual Orientation [D.E. 208].

> Harmon Defendants' Motion for Summary Judgment [D.E. 209].

> Defendants Robert Hernandez, M.D., Mark O'Connell, M.D., and Ana Campo,
> M.D.'s (collectively, "Medical Doctors") Motion for Final Summary Judgment as
> to Counts II (in part), III, VII and IX [D.E. 215].

> Defendant University of Miami's ("UM") Motion for Final Summary Judgment as to Counts I, II, III, V, VII and IX [D.E. 216].

> Harmon Defendants, Quesada Defendants, Medical Doctors and UM's (collectively, "Defendants") Joint Motion in Limine to Exclude Testimony and Report of Plaintiff's Expert, Dr. Harold J. Bursztajn [D.E. 217].

> Quesada Defendants' Motion for Final Summary Judgment as to Counts III, IV, VI, VIII and IX [D.E. 225].

> Defendants' Motion to Exclude and/or Strike Plaintiff's Unauthorized and Untimely Filings (hereafter "Motion to Strike") [D.E. 264].

> Plaintiff Michael Attea's ("Plaintiff") Motion to Extend Time to Respond to D.E. 206, 209, 210, 215, 216, 225, 226, 227 (hereafter, "Motion to Extend Time") [D.E. 269].[1]

> Plaintiff's Motion to File Out of Time Response to UM Defendants' Joint Statement of Facts in Support of Summary Judgment (DE 210) (hereafter, "Motion to File Out of Time") [D.E. 276].

> Harmon Defendants' Motion for Clarification or in the Alternative Motion for Extension of Time to Reply to Plaintiff's Response to Defendants' Statement of Facts (DE 263) (hereafter, "Motion for Clarification") [D.E. 281].

This case was referred to the undersigned for all pretrial proceedings by the Honorable James Lawrence King, United States District Judge, pursuant to 28 U.S.C. § 636 [D.E. 131, 203, 204]. For the reasons stated below, the undersigned: DENIES Plaintiff's Motion to Extend Time [D.E. 269]; DENIES Plaintiff's Motion to File Out of Time [D.E. 276]; GRANTS Defendants' Motion to Strike [D.E. 264]; and DENIES without prejudice as moot Harmon Defendants' Motion for Clarification [D.E. 281]. Further, the undersigned RESPECTFULLY RECOMMENDS that Defendants' motions for summary judgment [D.E. 209, 215, 216, 225] be GRANTED; that summary final judgment be entered against Plaintiff as to all Counts (I - IX) of the Second Amended Complaint; and that the pending motions in limine [D.E. 208, 217] be

---

[1] Plaintiff mistakenly included in his list of motions DE 227, which was a motion by the Quesada Defendants to bring electronic equipment to the courtroom at trial.

DENIED without prejudice as moot.

## PROCEDURAL BACKGROUND

Plaintiff is a former medical student at UM, who brings the following claims against Defendants as a result of his dismissal from the medical school:

| | |
|---|---|
| Count I: | Violation of Section 504 of the Rehabilitation Act of 1973, against UM |
| Count II: | Violation of the Americans with Disabilities Act of 1990 ("ADA"), against UM and Medical Doctors |
| Count III: | Conspiracy to deprive Plaintiff of his Civil Rights, against all Defendants |
| Count IV: | Breach of fiduciary duty, against Harmon Defendants and Quesada Defendants |
| Count V: | Breach of contract, against UM |
| Count VI: | Breach of contract, against Harmon Defendants and Quesada Defendants |
| Count VII: | Tortious interference with contract, against UM and Medical Doctors |
| Count VIII: | Tortious interference with contract, against Harmon Defendants and Quesada Defendants |
| Count IX: | Civil conspiracy, against all Defendants |

See Second Am. Compl. [D.E. 64]. As noted above, Defendants have moved for summary judgment as to all counts.

Following is a recitation of Plaintiff's repeated delays in responding to Defendants' motions to dismiss at the pleading stage, and his abject failure to respond to Defendants' motions for summary judgment, notwithstanding the granting of multiple extensions of time.

### 1. *Pleading stage:*

This action was removed from state court on October 30, 2012 [D.E. 1]. UM and

Medical Doctors filed a motion to dismiss the complaint on October 31, 2012 [D.E. 5]. On November 19, 2012, Plaintiff requested an extension of time to respond to the motion to dismiss, which was granted [D.E. 16, 17]. On the date the response was due, November 26, 2012, Plaintiff filed a motion to amend the complaint but did not attach a copy of his proposed amended pleading [D.E. 20]. The motion to amend was granted and Plaintiff was directed to file his amended pleading by December 7, 2012 [D.E. 22]. On the date the amended pleading was due, Plaintiff filed a motion for extension of time, until December 10, 2012, which was granted [D.E. 27, 28]. Plaintiff did not file his amended pleading on that date. Instead, on December 11, 2012, he filed a motion for leave to file out of time his proposed amended complaint [D.E. 29]. The motion was granted [D.E. 34] and Plaintiff ultimately filed his amended pleading on December 14, 2012 [D.E. 35], almost one month after the original response to the motion to dismiss had been due.

UM and Medical Doctors filed a motion to dismiss the amended complaint on December 18, 2012 [D.E. 36]. Plaintiff requested an extension of time to respond to the motion to dismiss, which was granted [D.E. 43, 44]. Plaintiff filed his response on January 11, 2013.

On December 26, 2012, Quesada Defendants and Harmon Defendants also moved to dismiss the amended complaint [D.E. 39, 41]. Plaintiff requested an extension of time, until January 17, 2013, to respond to these motions to dismiss, which was granted [D.E. 46, 47]. On the date the responses were due, Plaintiff asked for a one-day extension of time, until January 18, 2013, which was granted [D.E. 48, 49]. On the date the responses were due, Plaintiff asked for a third extension of time, until January 22, 2013, which was granted [D.E. 50, 52]. On January 22, 2013, Plaintiff filed his response to Quesada Defendants' motion to dismiss [D.E. 54]. On January 23, 2013, Plaintiff filed a two-page response to Harmon Defendants' motion to dismiss,

adopting his response to Quesada Defendants' motion to dismiss [D.E. 55].

On February 5, 2013, the motions to dismiss were granted in part and denied in part [D.E. 58]. Plaintiff filed his second amended complaint on March 7, 2013 [D.E. 64]. Thereafter, Defendants filed respective motions to dismiss portions of the second amended complaint [D.E. 72, 74, 76]. Plaintiff requested an extension of time to respond to UM and Medical Doctors' motion to dismiss until April 10, 2013 and filed his response on that date together with a request to permit filing out of time, both of which requests were granted [D.E. 78, 80, 81, 82]. Plaintiff also requested an extension of time to respond to Quesada Defendants' and Harmon Defendants' respective motions to dismiss until April 19, 2013, which was granted [D.E. 83, 84]. Plaintiff filed his responses on that date [D.E. 86, 87].

On May 28, 2013, the motions to dismiss were granted in part and denied in part [D.E. 90]. On June 17, 2013, Defendants filed their respective answers to the second amended complaint [D.E. 91, 92, 93, 94] and the case was at issue.

### 2. *Schedule:*

On February 27, 2013, a pretrial schedule was promulgated and trial was set for July 21, 2014 [D.E. 63]. On January 29, 2014 that initial scheduling order was vacated and trial was reset to September 8, 2014 [D.E. 162, 163]. The new Scheduling Order stated, *inter alia*:

> **MAY 19, 2014: DEADLINE FOR FILING ALL MOTIONS.** Pleading practice ends on this date except for a response by opposing party and reply to response by moving party. **ALL MOTIONS, INCLUDING MOTIONS IN LIMINE, SHALL BE FILED PRIOR TO THIS DATE.** Motions for extension of time for replies and responses cannot be granted due to the limited (30-day) time limit for the Court's consideration of motions and responses filed on the last day. All unresolved motions will be considered and ruled upon at the pre-trial conference.

See Scheduling Order [D.E. 163 at 3].

### 3. *Summary Judgment Stage:*

On May 19, 2014, Defendants timely filed their respective motions for summary judgment and statements of undisputed material facts, as follows:

> Harmon Defendants' Motion for Summary Judgment [D.E. 209].

> Harmon Defendants' Statement of Material Facts [D.E. 206].

> Medical Doctors' Motion for Final Summary Judgment as to Counts II (in part), III, VII and IX [D.E. 215].

> UM's Motion for Final Summary Judgment as to Counts I, II, III, V, VII and IX [D.E. 216].

> UM and Medical Doctors' Joint Statement of Undisputed Material Facts [D.E. 210].

> Quesada Defendants' Motion for Final Summary Judgment as to Counts III, IV, VI, VIII and IX [D.E. 225].

> Quesada Defendants' Statement of Undisputed Material Facts [D.E. 226].

On June 5, 2014, the date when his responses were due, Plaintiff filed a motion to permit out-of-time filing and requested an extension of time, until June 9, 2014, to respond to the foregoing motions for summary judgment and statements of undisputed material facts [D.E. 228]. On June 9, 2014, Plaintiff received an extension until June 13, 2014 [D.E. 231]. On the date the responses were due, Plaintiff asked for a second extension, until June 16, 2014, which was granted [D.E. 234, 236]. On the date the responses were due, Plaintiff asked for a third extension, until June 18, 2014 [D.E. 237]. Plaintiff received this third extension but was cautioned that no further extensions would be granted [D.E. 241]. Anticipating Plaintiff's compliance with this latest extension, and allowing time for Defendants' replies, the undersigned scheduled a hearing on the motions for summary judgment for July 8, 2014 [D.E. 242]. Despite these rulings, on the date the responses were due, Plaintiff filed a fourth motion for extension of

time, until June 25, 2014, which was granted [D.E. 243, 245].  On the date the responses were due, Plaintiff filed a fifth motion for extension of time, until June 30, 2014, which was denied [D.E. 246, 249].  Plaintiff then moved to continue the trial date, extend all pretrial deadlines, continue the July 8th hearing, and extend the response date for the pending summary judgment motions to July 18, 2014 [D.E. 250].  On July 7, 2014, the undersigned limited the July 8th hearing to Defendants' Joint Motion in Limine to Exclude Testimony and Report of Plaintiff's Expert, Dr. Harold J. Bursztajn, the only motion that had been fully briefed to date, and Judge King cancelled the pretrial conference and trial [D.E. 253, 254].

At the July 8th hearing, the undersigned allowed Plaintiff's counsel to select a response date for the pending summary judgment motions and he selected July 15, 2014.  See Order Re: July 8, 2014 Hearing [D.E. 258].  The undersigned cautioned Plaintiff's counsel that he "would have to live with" the July 15th response date he was requesting.  Id.  This admonition was prompted by the foregoing history of Plaintiff having requested five extensions of time followed by a motion to extend all deadlines when the fifth one was denied.  Id.  Notwithstanding the undersigned's warning, Plaintiff filed shortly after the hearing a motion to amend/correct the response date he had selected and asked for July 18, 2014 instead [D.E. 255].  The undersigned denied the motion, reaffirmed the July 15th response date, gave Defendants until August 4, 2014 to file their replies, and rescheduled the hearing on the four motions for summary judgment and two pending motions in limine for August 27, 2014 [D.E. 258].

On the due date of July 15, at 11:30 p.m., Plaintiff requested a "12 hour" extension, until noon on July 16, 2014, to file his responses [D.E. 261].  On July 16, 2014, at 10:07 a.m., the undersigned granted the request, but cautioned Plaintiff that failure to file his responses by noon on that date would result in the undersigned's recommendation that Defendants' summary

judgment motions be granted [D.E. 262].

At 11:58 a.m. on July 16th, Plaintiff filed a response to D.E. 206, Harmon Defendants' Statement of Undisputed Material Facts [D.E. 263, 266].  At 12:27 p.m. on the same day, Plaintiff filed the Motion to Extend Time [D.E. 269].  Therein, Plaintiff stated that he had "filed his response to the Harmon Defendants Facts, but [was] putting exhibits together and editing the other responsive documents." Id. at 1.  Plaintiff also reprised what had been a recurring refrain in his prior motions for extension of time over the past one and a half months: that his counsel had been working as hard as he could to complete the responses to the motions for summary judgment, but due to the expansive materials involved, needed just a little more time to do so. Id. at 2.  In this instance, Plaintiff asked for one or two more days to file the responses.  Id at 3. On July 19, 2014, Plaintiff filed the Motion to File Out of Time, attaching a proposed response to D.E. 210, UM and Medical Doctors' Joint Statement of Undisputed Material Facts [D.E. 276, 276-1].

All Defendants vigorously opposed the Motion to Extend Time and the Motion to File Out of Time [D.E. 272, 277] and moved to strike any untimely filings in their Motion to Strike [D.E. 264].  In their Motion for Clarification, the Harmon Defendants asked for clarification as to whether Plaintiff's response to their Statement of Undisputed Material Facts would be considered by the Court and, in that event, asked for an extension of time to file their reply [D.E. 281].

## SUMMARY JUDGMENT RULES

Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

\* \* \*

**(c) Procedures.**

**(1) *Supporting Factual Positions*.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

\* \* \*

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

<u>See</u> Fed. R. Civ. P. 56.

Rule 56.1 of Local Rules for the Southern District of Florida supplements Fed. R. Civ. P. 56 as follows:

**(a) Statement of Material Facts.** A motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively. The statement shall:
(1) Not exceed ten (10) pages in length;

(2) Be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court; and

(3) Consist of separately numbered paragraphs.

Statements of material facts submitted in opposition to a motion for summary judgment shall correspond with the order and with the paragraph numbering scheme used by the movant, but need not repeat the text of the movant's paragraphs. Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts; the movant shall use that numbering scheme if those additional facts are addressed in the reply.

**(b) Effect of Failure to Controvert Statement of Undisputed Facts.** All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record.

S.D. Fla. L.R. 56.1. Additionally, S.D. Fla. L.R. 7.1 provides, in pertinent part:

**(c) Memorandum of Law.** Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default. . . . All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing.

S.D. Fla. L.R. 7.1.

## DISCUSSION

It is clear to the undersigned that Plaintiff has abused the Judge King's and the undersigned's forbearance in granting him multiple extensions to respond to Defendants' summary judgment motions.[2] None of the repeated promises that the responses would be filed by the requested dates were fulfilled. Indeed, Plaintiff has filed no memoranda of law in opposition to the motions for summary judgment as required by S.D. Fla. L.R. 7.1(c). Given Plaintiff's history recited above, the undersigned concludes that granting the Motion to Extend Time would only result in further motions for extension of time and therefore denies it.

Moreover, the only submission that Plaintiff filed by the July 16, 2014 noon deadline

---

[2] As recited above, Plaintiff also received multiple extensions of time to respond to Defendants' motions to dismiss.

(which he barely made by 2 minutes) was a response to Harmon Defendants' Statement of Undisputed Material Fact, which, as Plaintiff admitted in his Motion to Extend Time, was lacking the required supporting exhibits. See Fed. R. Civ. P. 56(c)(1)(A) (Party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials **in the record**, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.) (emphasis added); S.D. Fla. L.R. 56.1(a) (A statement of material facts as to which it is contended that there does exist a genuine issue to be tried shall be "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits **on file with the Court**.") (emphasis added).   Because Plaintiff's response to Harmon Defendants' Statement of Undisputed Material Fact does not comply with Fed. R. Civ. P. 56(c)(1)(A) and S.D. Fla. L.R. 56.1(a), the undersigned strikes it as insufficient.

With regard to Plaintiff's proposed response to UM and Medical Doctors' Joint Statement of Undisputed Material Facts, attached to the Motion to File Out of Time, it is similarly unsupported by exhibits, hence non-compliant with Fed. R. Civ. P. 56(c)(1)(A) and S.D. Fla. L.R. 56.1(a).  Accordingly, the undersigned denies Plaintiff's Motion to File Out of Time and grants Defendants' Motion to Strike.  With regard to Quesada Defendants' Statement of Undisputed Material Facts, Plaintiff did not file a response.

Given Plaintiff's failure to comply with Fed. R. Civ. P. 56 and S.D. Fla. L.R. 56.1, and after a review of Defendants' facts, which the undersigned finds to be supported by the evidence, the undersigned considers Defendants' material facts undisputed. See Fed. R. Civ. P. 56(e)(2); S.D. Fla. L.R. 56.1(b).  Moreover, the undersigned finds persuasive and adopts Defendants' legal arguments in support of their motions for summary judgment, which stand unrebutted by

Plaintiff. Therefore, the undersigned respectfully recommends that the motions for summary judgment be granted.

## CONCLUSION

Based on the foregoing considerations, it is hereby

ORDERED AND ADJUDGED as follows:

1.    Plaintiff's Motion to Extend Time [D.E. 269] is DENIED.

2.    Plaintiff's Motion to File Out of Time [D.E. 276] is DENIED.

3.    Defendants' Motion to Strike [D.E. 264] is GRANTED.

4.    Plaintiff's response to D.E. 206, Harmon Defendants' Statement of Undisputed Material Facts [D.E. 266], is STRICKEN.

5.    Plaintiff's proposed response to D.E. 210, UM and Medical Doctors' Joint Statement of Undisputed Material Facts [D.E. 276-1] is STRICKEN.

6.    Harmon Defendants' Motion for Clarification [D.E. 281] is DENIED WITHOUT PREJUDICE AS MOOT in light of the foregoing rulings.

And the undersigned RESPECTFULLY RECOMMENDS that:

7.    Harmon Defendants' Motion for Summary Judgment [D.E. 209] be GRANTED.

8.    Medical Doctors' Motion for Final Summary Judgment as to Counts II (in part), III, VII and IX [D.E. 215] be GRANTED.

9.    UM's Motion for Final Summary Judgment as to Counts I, II, III, V, VII and IX [D.E. 216] be GRANTED.

10.    Quesada Defendants' Motion for Final Summary Judgment as to Counts III, IV, VI, VIII and IX [D.E. 225] be GRANTED.

11.    Summary final judgment be ENTERED against Plaintiff and in favor of

Defendants as to all Counts (I – IX) of the Second Amended Complaint.

12.     Harmon Defendants and Quesada Defendants' Motion in Limine to Exclude Evidence of Dr. Harmon's and Dr. Quesada's Personal Relationship and Sexual Orientation [D.E. 208] be DENIED without prejudice as moot.

13.     Defendants' Joint Motion in Limine to Exclude Testimony and Report of Plaintiff's Expert, Dr. Harold J. Bursztajn [D.E. 217] be DENIED without prejudice as moot.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable James Lawrence King, United States District Judge.  See Local Magistrate Rule 4(b).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND ORDERED and RESPECTFULLY RECOMMENDED at Miami, Florida this 7th day of August, 2014.


_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE


cc:     U.S. District Judge James Lawrence King
        Counsel of Record